UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD MAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:16-cv-00049-WTL-MJD |
| ) | |
| CORIZON MEDICAL SERVICES, ) | |
| VICKIE CRAWFORD, POLAR Dr., ) | |
| JACQUESS Dr., JENNEFER BARNS Dr., ) | |
| KATEISHA THOMAS, MICHAEL BURK ) | |
| Dr., LOLITH JOSEPH, M.D., NICHOLAS ) | |
| OSBOURNE M.D., FARRAH BUNCH, R.N., ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt. 2] is **granted**. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a

motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III.

Plaintiff Richard Main, an inmate at the Putnamville Correctional Facility, filed this civil action seeking "proper and accurate medical care" and money damages. The plaintiff asserts that he suffers from chronic depression, deteriorating disc disease, scoliosis and a seizure disorder. He alleges that nine medical care providers, all employed by Corizon Medical Services, have failed to provide him adequate medical care for his ailments.

These allegations implicate the plaintiff's Eighth Amendment rights. Such a claim is necessarily brought pursuant to 42 U.S.C. § 1983. The claims against the individual medical care providers, Vickie Crawford, Dr. Polar, Dr. Jacquess, Dr. Barns, Kateisha Thomas, Dr. Burk, Dr. Joseph, Dr. Osbourne and Farrah Bunch, must be dismissed, however, because there are no factual allegations of wrongdoing on their part. *See also Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(*citing Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)); *Vance v. Rumsfeld*, 701 F.3d 193, 204, 2012 WL 5416500, 10 (7th Cir. 2012) (knowledge

of subordinates' misconduct is not enough for liability). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

Similarly, claims against Corizon Medical Services are dismissed. The reason for this ruling is that Corizon Medical Services is a private corporation and it is not vicariously liable under 42 U.S.C. § 1983 for the alleged misdeeds of their employees, unless the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009). No ingredient of that nature is present in the complaint.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is dismissed.

**IV.**

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through March 22, 2016,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal

injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

Date: 2/25/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD MAIN
DOC # 155718
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135