UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD MAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 2:16-cv-00049-WTL-MJD |
| | ) |
| CORIZON MEDICAL SERVICES, | ) |
| VICKIE CRAWFORD, POLAR Dr., | ) |
| JACQUESS Dr., JENNEFER BARNS Dr., | ) |
| KATEISHA THOMAS, MICHAEL BURK | ) |
| Dr., LOLITH JOSEPH, M.D., NICHOLAS | ) |
| OSBOURNE M.D., FARRAH BUNCH, R.N., | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Second Amended Complaint and Directing Entry of Final Judgment**

**I.**

The plaintiff's second amended complaint filed on July 21, 2016, [dkt. 8] is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to Section § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.

Plaintiff Richard Main, a former inmate at the Putnamville Correctional Facility, filed this civil action seeking money to "pay medical bills and for all inmates to receive proper medical treatment." Dkt. 8 at p. 7. Mr. Main is no longer in the custody of the Indiana Department of Corrections. Mr. Main alleges that nine medical care providers, along with their employer, Corizon Medical Services, failed to provide him with adequate medical care for his serious medical needs while he was incarcerated. Mr. Main's complaint must be dismissed for the same reasons the original complaint was dismissed. That is, there are no factual allegations of wrongdoing asserted against any particular defendant which could give rise to an Eighth Amendment violation. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

First, Mr. Main alleges that he "was allowed to run out of his seizure medication, namely (Tegratol), due to the negligence on the part of the Health Care Unit (HCU), staff and was out for ten (10) days." Dkt. 8 at p. 5. As a result, he suffered a seizure injuring himself. But negligence, even gross negligence, is insufficient to establish deliberate indifference under the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 835, 114 S. Ct. 1970 (1994); *Mathis v. Fairman,* 120 F.3d 88, 92 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). There is no indication that the defendants' failure to insure that the medication was ordered and delivered to the plaintiff was anything more than negligence as alleged in the second amended complaint.

Next, Mr. Main alleges that he was advised in March 2011 that he would require surgery to stabilize certain vertebrae and that he has deteriorating disc disease and scoliosis. Mr. Main states that the defendants "have let me suffer extreme pain" by not treating him. He alleges that he went for months before he was even given an x-ray.

An Eighth Amendment claim based on deficient medical care must demonstrate two requirements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition. The second requirement is a subjective one:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 114 S. Ct. at 1979. Prison officials may exhibit deliberate indifference to a known condition through inaction, *Gayton v. McCoy*, 593 F.3d 610, 623–24 (7th Cir. 2010); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009), or by persisting with inappropriate treatment, *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011); *Greeno v. Daley*, 414 F.3d 645, 653–54 (7th Cir. 2005). Prison officials might also show their deliberate indifference by delaying necessary treatment and thus aggravating the injury or needlessly prolonging an inmate's pain. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

The first element has been alleged; that is, severe back pain, deteriorating disc disease and scoliosis are serious medical needs. However, as to the second element, there are no facts alleged in the complaint upon which the court could conclude that any individual defendant was deliberately indifferent to Mr. Main's need for treatment. For example, there is no allegation upon which the court could conclude that any of the nine named defendants were responsible for a delay in treatment. There is no allegation that any particular defendant was even aware of Mr. Main's

symptoms. There is no allegation that any defendant reviewed Mr. Main's requests for healthcare and delayed an evaluation or that any of the medical providers evaluated his condition. Without such an allegation, the Eighth Amendment claims against the individual defendants must be dismissed. The defendants cannot be sued simply because they worked in the medical department of the prison and the plaintiff was unhappy with the inadequate care he received. There must be some misconduct on the part of the individual defendant. No such misconduct has been alleged.

Similarly, claims against Corizon Medical Services are dismissed. The reason for this ruling is that Corizon Medical Services is a private corporation and it is not vicariously liable under 42 U.S.C. § 1983 for the alleged misdeeds of their employees, unless the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009). No factual basis to support a policy claim has been alleged in the complaint.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the second amended complaint is dismissed. Given the fact that Mr. Main has already been given two opportunities to amend his complaint to state a claim upon which relief can be granted, this action is now dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  11/30/16

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD MAIN
c/o Patricia Evans
2792 Bascom Corner Road
Rising Sun, IN 47040